IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GLADYS ALAS, et al.                                      PLAINTIFFS

VS.                       CASE NO. 05-5154

ROCKLINE INDUSTRIES, INC.                                DEFENDANT

**MEMORANDUM OPINION & ORDER**

Now on this 21st day of September, 2006, comes on to be considered **Plaintiffs' Motion for Class Certification (Doc. 13)**. The Court, being well and sufficiently advised, concludes that the motion should be **DENIED**. The Court finds and orders as follows with respect thereto:

1. Plaintiffs Gladys Alas, Maria Carmen Babb, Norberto Dublan, and Isabel Lugo bring this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The named plaintiffs are current and former employees of Defendant Rockline Industries, Inc. ("Rockline"), which operates a manufacturing facility in Springdale, Arkansas.

2. Plaintiffs characterize themselves as "native Spanish-speaker[s] with a severely limited ability to communicate in a language other than Spanish, in either written or verbal form." (Doc. 1 ¶ ¶ 1 - 4.) Plaintiffs allege that beginning in 2002, Rockline implemented a new production model called the "High Performance Operating Teams" or "HPOT" program. According to

1

plaintiffs, they were required to participate in training and take a series of tests, offered solely in English, in order to achieve requisite HPOT training levels.  Plaintiffs seek to bring this action on behalf of all "current and/or former employees of [Rockline] with Hispanic surnames, or who are native Spanish-speakers," who have been demoted, terminated, or otherwise adversely affected by their inability to successfully complete Rockline's English-only HPOT training and tests.  (Doc. 1 ¶ ¶ 11, 15 - 17.)

3. In order to maintain a class action, the burden is on the prospective class representatives to establish that the prerequisites of Federal Rule of Civil Procedure 23(a) have been met.  *See Coleman v. Watt*, 40 F.3d 255, 258-59 (8th Cir. 1994).  The first showing must be that the class is so numerous that joinder of all members is impracticable.

Plaintiffs assert that, through discovery, they have identified approximately "100 or so" employees with Hispanic surnames that have been affected by Rockline's English-only HPOT training and testing procedures.  Rockline responds that identifying the number of putative class members "based on nothing more than Spanish  surnames ... is inappropriate as it does not control for variants such as non-Hispanic marriage into a Hispanic family, national origin, and English fluency regardless of surname or national origin."  (Doc. 18 at pg. 13.)

4. While the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative. *See Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2004). The Court agrees with Rockline that reference to the number of employees with Hispanic surnames does not suffice for purposes of proving numerosity. The potential class in this case consists of only those employees who were adversely affected by Rockline's English-only training and testing procedures. It would be purely speculative to assume that all employees with Hispanic surnames were adversely affected, as this would require the Court to make the inappropriate assumption that none of these employees were fluent in English.

The only evidence plaintiffs present regarding the number of Hispanic employees who were not fluent in English is the affidavit of Plaintiff Norberto Dublan. In this affidavit, Dublan states, "I socialize both at work and outside of work with my Hispanic coworkers and I estimate a large percentage of these Hispanic workers ... cannot speak or understand English well enough to pass tests given only in English." (Doc. 14 Ex. 11 ¶ 4.) This unrefined estimation is not sufficient to satisfy the "rigorous analysis" this Court is required to engage in when evaluating the plaintiffs' proof of numerosity. *See General Tel. Co. of the Southwest v. Falco*, 457 U.S. 147, 161 (1982).

5.  Based on the foregoing, the Court concludes that plaintiffs have failed to meet their burden in establishing that the class is so numerous that joinder of all members is impracticable.  **Plaintiffs' Motion for Class Certification (Doc. 13)** is therefore **DENIED**.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE