IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GLADYS ALAS, et al.                                              PLAINTIFFS

VS.                       CASE NO. 05-5154

ROCKLINE INDUSTRIES, INC.                                         DEFENDANT

**O R D E R**

Now on this 16th day of April, 2007, comes on to be considered **Defendant's Motion to Sever Claims of Plaintiffs (Doc. 28)**. The Court, being well and sufficiently advised, concludes that the motion should be **DENIED**. The Court finds and orders as follows with respect thereto:

1. Plaintiffs Gladys Alas, Maria Carmen Babb, Norberto Dublan, and Isabel Lugo[1] bring this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The named plaintiffs are current and former employees of Defendant Rockline Industries, Inc. ("Rockline"), which operates a manufacturing facility in Springdale, Arkansas.

2. Plaintiffs characterize themselves as being of "Hispanic nations or origin" and as "native Spanish-speaker[s] with a severely limited ability to communicate in a language other than

---

[1] Plaintiffs originally sought to bring this action on behalf of all Rockline employees "with Hispanic surnames, or who [were] native Spanish-speakers." (Doc. 1.) The Court, however, denied plaintiff's **Motion for Class Certification (Doc. 13)**, finding that plaintiffs had failed to establish that the class was so numerous that joinder of all members was impracticable. (Doc. 27.)

1

Spanish, in either written or verbal form." (Doc. 1 ¶ ¶ 1 - 4, 23.)  Plaintiffs allege:

* that beginning in April 2002, they were "subjected to [Rockline's] 'No-Spanish' Rule in production and non-production areas of [Rockline's] facility" (Doc. 1 ¶ ¶ 1 -4);

* that, beginning in 2002, Rockline implemented a new production model called the "High Performance Operating Teams" or "HPOT" program;

* that plaintiffs were required to participate in training and take a series of tests, offered solely in English, in order to achieve requisite HPOT training levels;

* that, in December 2003, plaintiff Lugo was demoted, her pay was cut, and she was required to take a new battery of tests "due to her failure to pass the English-only test" (Id. ¶ 4);

* that plaintiff Alas and plaintiff Dublan were terminated on November 5, 2004, for failing "to pass the tests which were taught and administered only in English" (Id. ¶ ¶ 1, 2); and

* that plaintiff Babb had "process skills certification points" taken away from her and was required to "retake certification tests that she had already passed" (Doc. 29 at pg. 4).

3. Plaintiffs assert that Rockline discriminated against them on the basis of their national origin by implementing the No-

Spanish Rule and the English-only HPOT training and testing program.

4. In the motion now before the Court, Rockline moves to sever the claims of the four plaintiffs, arguing that each individual plaintiff's claims are factually distinct and that a joint trial of these "unrelated" claims would confuse the jury and prejudice Rockline. (Docs. 28, 29.)

5. Rule 20(a) of the Federal Rules of Civil Procedure provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Under Federal Rules of Civil Procedure Rule 20(b) and 42(b), the Court has discretion to order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."

6. The Court first addresses whether plaintiffs' claims arise out of the same transactions or occurrences. In Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974), the Eighth Circuit Court of Appeals interpreted these terms as used in Rule 20 to "permit all reasonably related claims for relief by ... different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." The Eighth Circuit found that the ten plaintiffs in Mosley had asserted a right to relief

arising out of the same transactions or occurrences: each of the plaintiffs had alleged that they had been injured by a company-wide policy purportedly designed to discriminate against blacks.

Likewise, in the present case, each of the four plaintiffs alleges that they have been discriminated against on the basis of their national origin by Rockline's policies regarding the No-Spanish Rule and the English-only HPOT training and testing program.  The Court, therefore, concludes that the plaintiffs' have met the first requisite for joinder under Rule 20(a) by establishing that their claims arise out of the same transactions or occurrences.

   7.   The second requirement to sustain joinder under Rule 20(a) is that a question of law or fact common to all the parties will arise in the action.  The Eighth Circuit elaborated on this issue in Mosley:

> The right to relief here depends on the ability to demonstrate that each of the plaintiffs was wronged by racially discriminatory policies on the part of the defendants ....  The discriminatory character of the defendants' conduct is thus basic to each plaintiff's recovery.  The fact that each plaintiff may have suffered different effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact.

Id. at 1334.

Similarly, in the present case, while the plaintiffs assert that they suffered different adverse actions as a result of the alleged discrimination, the alleged discriminatory character of

4

Rockline's policies is basic to each plaintiff's recovery. Whether Rockline's policies discriminated against plaintiffs on the basis of their national origin presents a common question of law and fact. Thus, the Court concludes that the plaintiffs have satisfied the second requisite for joinder under Rule 20(a).

8.   The Court next addresses whether, even though the requirements for joinder have been met, separate trials should be ordered to avoid prejudice, or in furtherance of convenience, expedition and economy.

> The purpose of [Rule 20(a)] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.... Single trials generally tend to lessen the delay, expense and inconvenience to all concerned.... Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

Id. at 1333-34 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966)).

Were the Court to grant Rockline's motion to sever and order four separate trials of each individual plaintiff's claims, it would undoubtedly prolong the resolution of these claims and result in significant additional costs to the Court and to the parties, including, as plaintiffs point out, the hiring of an interpreter on four separate occasions.  Four separate trials would also inconvenience the Court, the parties, and witnesses who might be called to testify in all four actions.  Further, the Court does not

believe that Rockline will be unduly prejudiced in any way or that the jury would be confused by having the four plaintiffs' related claims tried jointly.

9.  Based on the foregoing, the Court concludes that **Defendant's Motion to Sever Claims of Plaintiffs (Doc. 28)** should be and hereby is **DENIED**.

Within ten days of the date of this order, the parties are directed to file a status report with the Court stating whether they have completed discovery and, if not, a proposed deadline for the completion of discovery and for the filing of dispositive motions.  The Court will then issue a final scheduling order setting this matter for trial.

IT IS SO ORDERED.


/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE